**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **TINA RUSSELL,**<br>**Plaintiff**<br><br>**v**<br><br>**ALLIED INTERSTATE, INC.,**<br>**Defendant** | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

**COMPLAINT**

TINA RUSSELL ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against ALLIED INTERSTATE, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in East Windsor, Connecticut 06088 at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, originating from a credit card.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning before in or before April 2011, and continuing through January 2012, Defendant continuously and repeatedly contacted Plaintiff seeking and demanding payment of an alleged credit card debt.

13. Plaintiff received collection calls from the following number: (888) 316-6088, which the undersigned has confirmed is a telephone number belonging to Defendant.

14. In the beginning, Defendant contacted Plaintiff several times a month, causing her to receive, on average, about ten (10) collection calls a month.

15. When Plaintiff did not make payment on the alleged debt, Defendant increased the volume of the telephone calls to Plaintiff.

16. For several months, Defendant has been calling Plaintiff on her cellular phone, at least, once a day, causing her to receive more than ten (10) collection calls a week.

17. Also, Defendant has contacted Plaintiff at times and places were it was inconvenient for her to receive debt collection calls.

18. Specifically, in December 2011, Defendant contacted Plaintiff on one occasion at 7:45 a.m. and on another occasion at 9:15 p.m.

19. Also, Defendant contacted Plaintiff while she was at work, which was inconvenient and harassing to Plaintiff as her employer does not permit her to receive personal calls at work.

20. Lastly, Defendant was seeking to collect a debt originating from a credit card which has been in default for more than ten (10) years.

21. The statute of limitations for a credit card debt can vary, depending on the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt, whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment.

22. A debt that is past the statute of limitations can be revived if the consumer either makes a payment on the debt or states, in writing, an intention to pay the debt.

23. A consumer has a dispositive affirmative defense to any legal action initiated to collect a past statute debt.

24. Upon information and belief, the statute of limitations to bring a legal claim against an individual for an unpaid credit card debt is six (6) years in Connecticut.

25. Upon information and belief, Defendant maintains information about the statute of limitations for its collection accounts.

26. Upon information and belief, Defendant trains its employees on how to collect past-statute debts, including instructing its collectors that the debt will be revived if a consumer makes a partial payment on such a debt.

27. Upon information and belief, when a consumer cannot pay a debt in full, but can pay something, Defendant will enter into a payment plan with that consumer.

28. The least sophisticated consumer, like Plaintiff, is not put on notice that Defendant is attempting to collect a debt beyond the statute of limitations, and certainly does not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt.

29. Moreover, Defendant, by contacting Plaintiff regarding this past-statute debt, caused Plaintiff to believe that she could experience serious negative consequences, including being sued, if she failed to pay the debt.

30. If Plaintiff knew, in connection with a past-statute debt, that Defendant had no legal means to enforce collection of the debt, or understood that making a partial payment or a written promise to pay would revive it, she would likely choose not to make a payment or a written promise to pay.

31. Defendant deceptively withheld information about the legal status of the debt and its intentions to revive the statute of limitations on the debt so that it could cause Plaintiff to make a payment on the debt and/or give up her defenses to any legal action.

32. The Federal Trade Commission administratively enforces compliance with the Fair Debt collection Practices Act.

33. Recently, the United States Attorney General's Office, acting upon notification and authorization of the Federal Trade Commission, brought a Complaint for Civil Penalties, Injunctive and Other Relief against Asset Acceptance, LLC, alleging, in part, a debt collection company violated the Fair Debt Collection Practices Act by failing to disclose, or failing to adequately disclose, that: (a) it cannot require through a lawsuit that consumers pay debts beyond the statute of limitations; and (b) if consumers make partial payments on these debts, the statute of limitations period will be renewed and a debt collector could again require through a lawsuit that consumers pay a total outstanding amount of these debts, which are facts that would be material to consumers in deciding whether to pay these debts in full or in part. United States of America v. Asset Acceptance, LLC, Civil Action No. 8:12-cv-00182-T-27EAJ (M.D. FL January 30, 2012).

34. To resolve that complaint, a Joint Consent Decree was reached between the United States and Asset Acceptance, wherein, in part, Asset Acceptance will, at the time of its initial communication with a consumer in connection with the collection of a debt, for any debt that it knows or should know may be beyond the applicable statute of limitations, make the disclosure: "(1) when collecting on a debt where the debt is not past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U.S.C. §1681(c): The law limits how long you can be sued on a debt. Because of the age of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid]; (2) when collecting on a debt where the debt is passed the date for obsolescence provided for in Section 605(a) of the Fair Credit

Reporting Act, 15 U.S.C. §1681(c): The law limits how long you can sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency."

35. On January 31, 2012, the Honorable James D. Whittemore Granted the Joint Motion for Entry of a Consent Decree.

36. As the administrative agency charged with enforcing the Fair Debt Collection Practices Act, the FTC has expressed its opinion that a debt collector's withholding of information regarding the legal status of the debt and its intentions to revive the statute of limitations on the debt is violative of the FDCPA.

37. Defendant's actions as described herein were taken with the intent to harass, abuse, upset and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### Count I

38. A debt collector violates §1692a(c)(1) of the FDPCA by communicating with a consumer at a place or time known or which should be known to be inconvenient to the consumer to receive debt collection calls.

39. Here, Defendant violated §1692c(a)(1) of the FDCPA by communicating Plaintiff before 8:00 a.m. and after 9:00 p.m., times that are known to Defendant to be inconvenient for Plaintiff to receive debt collection calls.

40. Also, Defendant violated §1692c(a)(1) of the FDCPA by communicating at her place of employment when Defendant knew that Plaintiff was unable to receive communications about personal debts at work.

## Count II

41. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

42. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

43. Defendant violated §§1692d, and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, including calling everyday, with the intent to annoy, abuse and harass Plaintiff.

## Count III

44. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collect of any debt.

45. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of any debt.

46. Defendant violated §§1692e and 1692e(2) of the FDCPA when it failed to disclose to Plaintiff the legal status of the debt, specifically withholding information about the debt being past the statute of limitations.

## Count IV

47. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt.

48. Here, Defendant violated §1692f of the FDCPA by collecting an amount not

authorized by the agreement creating the debt or the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TINA RUSSELL, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TINA RUSSELL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

TINA RUSSELL
By her Attorney,

/s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: March 29, 2012