IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
TINA RUSSELL                                 :          3:12 CV 480 (JBA)
:
:
V.                                           :
:
ALLIED INTERSTATE, INC.                      :          DATE: DECEMBER 4, 2012
:
------------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

On March 29, 2012, plaintiff commenced this FDCPA action (Dkt. 1), for which defendant filed its Answer and then Amended Answer, both with affirmative defenses, on June 1, 2012 and July 13, 2012, respectively.  (Dkts. ##9, 16).  On July 17, 2012, plaintiff filed her Notice of Acceptance of Defendant's Rule 68 Offer of Judgment to Plaintiff, with a copy of the Offer of Judgment, dated July 3, 2012, attached, for $250 to plaintiff, "plus reasonable costs and attorney's fees incurred by [p]laintiff up to the date of this Offer of Judgment only, in an amount mutually agreed upon by the parties, or as determined by the Court if the parties cannot reach agreement."  (Dkt. #17).  Judgment entered three days later.  (Dkt. #18).

On August 3, 2012, plaintiff filed the pending Motion for Award of Attorney's Fees and Costs and brief in support, seeking attorney's fees and costs in the amount of $4,682.00.  (Dkt. #19).[1]  Twenty-one days later, on August 24, 2012, defendant filed its brief and

---

[1]The five following exhibits are attached to plaintiff's brief: copy of time sheets (Exh. A); declaration of Attorney Angela K. Troccoli, executed on August 3, 2012 (Exh. B); declaration of Attorney Craig Thor Kimmel, executed on August 3, 2012 (Exh. C); declaration of Attorney Amy L. Bennecoff, executed on August 3, 2012 (Exh. D); and declaration of Attorney Tara L. Patterson, executed on August 3, 2012 (Exh. E).

declaration in opposition. (Dkts. ##20-21).[2] On September 7, 2012, plaintiff filed her reply brief. (Dkt. #22).[3] After the tragic death of U.S. District Judge Mark R. Kravitz, on October 25, 2012, this file was transferred to U.S. District Judge Janet Bond Arterton. (Dkt. #23). On November 2, 2012, the motion was referred to this Magistrate Judge. (Dkt. #24).

For the reasons stated below, plaintiff's Motion for Award of Attorney's Fees and Costs (Dkt. #19) is <u>granted in the amount of $2,903 in attorney's fees plus $350 in costs, for a total of $3,253</u>.

## I. DISCUSSION

At the outset, this Magistrate Judge must raise her alarm that the parties have filed 201 pages of motions, briefs, declarations and exhibits over the trifling sum of $4,682.00. Although it is abundantly clear that there is no love lost between the two law firms in this litigation, it is nonetheless a colossal waste of the Court's valuable time, particularly given the shortage of federal judicial officers in this district, to have to expend such significant resources over less than $5,000 in dispute, a figure is which significantly smaller than what

---

[2]The following eleven exhibits are attached to defense counsel's declaration: copy of plaintiff's brief (Exh. A); copy of defendant's Offer of Judgment (Exh. B); copy of plaintiff's Notice of Acceptance of Defendant's Rule 68 Offer of Judgment to Plaintiff (Exh. C); copy of website of plaintiff's counsel, specifically mentioning defendant (Exh. D); copy of article, "FDCPA Suits Jump in Second Half of January," dated February 16, 2012, on insideARM.com (Exh. E); copies of case law (Exh. F); copy of the complaint here (Exh. G); copies of similar complaints in this and other district courts (Exh. H); copy of defendant's answer here (Exh. I); copy of defendant's Notice of Deposition, dated June 1, 2012 (Exh. J); and copy of margin endorsement in another district (Exh. K).

[3]The following seven exhibits are attached: copy of Federal Trade Commission Annual Report 2011: Fair Debt Collection Practices Act (Exh. A); copy of FTC Press Release: Debt Collector Will Pay $1.75 Million to Settle FTC Charges, dated October 21, 2010 (Exh. B); copy of complaint brought by FTC against defendant, filed in the U.S. District Court for the District of Minnesota (Exh. C); copy of PACER Case Locator for defendant, dated July 3, 2012 (Exh. D); copy of article, "Collection agencies targeted by MN Commerce Department," dated October 7, 2011 (Exh. E); copy of article, Protess, "Collection and Credit Firms Facing Broad New Oversight," <u>New York Times</u>, February 16, 2012 (Exh. F); and copies of decisions from other districts (Exh. G).

is resolved in Connecticut's small claims courts.

That said, in resolving this dispute, the Court need not go beyond the fifteen published decisions that concern attorney's fee applications, in identical circumstances, that is settlements after acceptances of Offers of Judgments by defendants, made by plaintiff's law firm in the U.S. District Court for the Eastern District of Pennsylvania (seven), Middle District of Pennsylvania (two), New Jersey (five), and the Southern District of New York (one).  Two of the Pennsylvania decisions were from 1996, Stitsworth v. Ford Motor Co., No. Civ. A. 95-5763, 1996 WL 67610 (E.D. Pa. Feb. 13, 1996), and Ianelli v. Chrysler Corp., Civ. A No. 95-CV-2723, 1996 WL 200601 (E.D. Pa. Apr. 23,1996), reconsideration denied, 1996 WL 368317 (E.D. Pa. June 24, 1996), and thus will not be considered here due to their age.  The other rulings were from mid or late 2011 through 2012, Williams v. NCO Fin. Sys., Inc., Civ. No. 10-5766, 2011 WL 1791099 (E.D. Pa. May 11, 2011), Order filed, 2011 WL 1790122 (E.D. Pa. May 11, 2011); Alexander v. NCO Fin. Sys., Inc., Civ. No. 11-401, 2011 WL 2415156 (E.D. Pa. June 16, 2011), Order filed, 2011 WL 2415164 (E.D. Pa. July 16, 2011); Overly v. Global Credit & Collection Corp., Inc., Civ. No. 10-2392, 2011 WL 2651807 (M.D. Pa. July 6, 2011); Brass v. NCO Fin. Sys., Inc., Civ. No. 11-cv-1611, 2011 WL 3862145 (E.D. Pa. July 22, 2011), approved absent objection, 2011 WL 386209 (E.D. Pa. Aug. 31, 2011); and Zavodnick v. Gordon & Weisberg, P.C., Civ. No. 10-7125, 2012 WL 2036493 (E.D. Pa. June 6, 2012), Order filed, 2012 WL 2036501 (E.D. Pa. June 6, 2012).[4]

---

[4]The court in Lindenbaum v. NCO Fin. Sys., Inc., Civ No. 11-264, 2011 WL 2848748 (E.D. Pa. July 19, 2011), Order filed, 2011 WL 2848760 (E.D. Pa. July 19, 2011), awarded plaintiff her full request, in light of minimal objection by defendant.

In Mills v. Lieberman, Michaels & Kelly, LLC, No 10-CV-2512, 2011 U.S. Dist. LEXIS 121416 (M.D. Pa. Oct. 20, 2011), the district court required the Kimmel law firm to submit supplemental affidavits to support its claim for attorney's fees.

3

The five New Jersey decisions similarly are from late 2011 through 2012, <u>Weed-Schertzer v. Nudelman, Klemm & Golub</u>, Civ. No. 10-6402 (WJM), 2011 WL 4436553 (D.N.J. Sept. 23, 2011), <u>approved absent objection</u>, 2011 WL 4916309 (D.N.J. Oct. 13, 2011); <u>Levy v. Global Credit & Collection Corp.</u>, Civ. No. 10-4229 (RBK/KMW), 2011 WL 5117855 (D.N.J. Oct. 27, 2011); <u>Cassagne v. Law Offices of Weltman, Weinberg & Reis Co., LPA</u>, Civ. No. 11-2791 (FLW), 2011 WL 5878379 (D.N.J. Nov. 23, 2011); <u>Freid v. Nat'l Action Fin. Servs., Inc.</u> Civ. No. 10-2870 (ES)(CLW), 2011 WL 6934845 (D.N.J. Dec. 29, 2011); and <u>Conklin v. Pressler & Pressler LLP</u>, Civ. No. 10-3566, 2012 WL 569384 (D.N.J. Feb. 21, 2012), <u>reconsideration denied</u>, 2012 WL 3278911 (D.N.J. Aug. 9, 2011).  The New York decision was filed this past summer, regarding the same defendant here.  <u>Ryan and Henning v. Allied Interstate, Inc.</u>, Nos. 12 Civ. 0526 (AJP), 12 Civ. 1719 (AJP), 2012 WL 3217853 (S.D.N.Y. Aug. 9, 2012).

<u>A. HOURLY FEES</u>

In the pending motion, the law firm of Kimmel and Silverman, PC ["the Kimmel Law Firm"] seeks $4,332 in attorney's fees and $350 in costs, for a total of $4,682, with the following hourly fees: $410/hour for partner Craig Thor Kimmel (reduced from his usual rate of $425/hour), $300/hour for associates Angela Troccoli and Tara L. Patterson, $275/hour for associates Amy L. Bennecoff (reduced from her usual rate of $300/hour), $165/hour for law student legal intern Caroline Diehl (reduced from her usual rate of $180/hour), $130/hour for paralegal Katelynn Fitti (reduced from her usual rate of $165/hour), and $125/hour for paralegal Jason Ryan (reduced from his usual rate of $155/hour). (Dkt. #19, at 1, 3-6, 11-12, 15-18 & Exhs. A-E).[5]  The Kimmel Law Firm further argues that these

---

[5] The higher rates are consistent with those sought by the Kimmel Law Firm in the myriad decisions listed above in chronological order.  <u>See Williams</u>, 2011 WL 1791099, at *4, n.3;

4

hourly fees are consistent with other attorney fees awards in this district.  (Dkt. #21, at 12-15 (with multiple citations); see also Dkt. #22, at 4-7).

In contrast, defendant argues that the hourly rates requested by plaintiff far exceed those that have been approved for FDCPA cases in this district, as well as in FDCPA cases in the Southern District of New York, where hourly rates tend to be higher.  (Dkt. #20, at 15-17).  Instead, defendant suggests the rates approved just four months ago in the Ryan case ought to be applied here, namely $300/hour for Attorney Kimmel, $225/hour for Attorney Bennecoff (and presumably for Attorneys Angela Troccoli and Patterson also), and $100/hour for paralegal Ryan (and presumably for paralegal Fitti also); no suggestion was made for legal intern Diehl.  (Id. at 17).   Three of the earlier Pennsylvania cases were more generous in the determination of a reasonable hourly fee than the later cases, in that they awarded Attorney Kimmel $400/hour, Attorneys Bennecoff and Patterson $278/hour, and paralegal Ryan $155/hour, with other paralegals awarded $150/hour, $155/hour or $165/hour.  Williams, 2011 WL 1791099, at *5; Alexander, 2011 WL 2415156, at *5-6; Brass, 2011 WL 3862145, at *4-5.[6]

However, the five New Jersey cases, one earlier Pennsylvania case, as well as the very recent Pennsylvania and New York cases, have awarded Attorney Kimmel between $290 and $325/hour, Attorneys Bennecoff and Patterson between $200 and $250/hour, and paralegals Ryan and Fitti between $70 and $125/hour.  Overly, 2011 WL 2651807, at *5 ($300/hour for Attorney Kimmel, $250/hour for Attorney Patterson, and $70/hour for the

---

Alexander, 2011 WL 2415156, at *1, n.5; Overly, 2011 WL 2651807, at *4;  Brass, 2011 WL 3862145, at *4, n.3; Weed-Schertzer, 2011 WL 4436553, at *4; Levy, 2011 WL 5117855, at *1; Cassagne, 2011 WL 5878379, at *1; Freid, 2011 WL 6934845, at *6;  Conklin, 2012 WL 569384, at *4; Zavodnick, 2012 WL 2036493, at *4; Ryan, 2012 WL 3217853, at *3.

[6]See note 4 supra (awarding Attorney Kimmel the requested $425/hour, absent objection).

paralegals); Weed-Schertzer, 2011 WL 4436553, at *5 ($325/hour for Attorney Kimmel, $250/hour for Attorneys Patterson and Bennecoff, and $125/hour for paralegal Ryan and one additional paralegal); Levy, 2011 WL 5117855, at *8 ($310/hour for Attorney Kimmel, $210/hour for Attorneys Patterson and Bennecoff, and $110/hour for paralegal Ryan and two additional paralegals); Cassagne, 2011 WL 5878379, at *6 ($325/hour for Attorney Kimmel, $250/hour for Attorney Bennecoff,  $125/hour for paralegal Ryan and one additional paralegal, and $130/hour for two law student interns); Freid, 2011 WL 6934845, at *7 ($305/hour for Attorney Kimmel, $215/hour for Attorneys Patterson and Bennecoff, and $95/hour for paralegal Ryan and one additional paralegal); Conklin, 2012 WL 569384, at *4 ($325/hour for Attorney Kimmel, $250/hour for Attorney Bennecoff, and $125/hour for paralegal Ryan and additional paralegals and law student interns); Zavodnick, 2012 WL 2036493, at *5-6 ($290/hour for Attorney Kimmel, $200/hour for Attorney Bennecoff, $175/hour for Attorney Patterson, $100/hour for paralegal Ryan and additional paralegals, and no reimbursement for the law student intern); Ryan, 2012 WL 3217853, at *6, 8 ($300/hour for Attorney Kimmel, $225/hour for Attorney Bennecoff, and $100/hour for paralegals Ryan, Fitti and one additional paralegal).

The hourly fee for Attorney Kimmel in Ryan, suggested by defendant, is on the lower end of the decisions listed above; even though the Ryan case was issued by the district court located closest to Connecticut and is the most recent decision, the Court will instead apply the average of these eight cases, which is $310/hour.  The hourly fee for Attorney Bennecoff (and presumably Attorneys Patterson and Troccoli) in Ryan, suggested by defendant, is precisely the average for associates in these eight decisions (excluding the lower figure of $175/hour for Attorney Patterson in Zavodnick), so that the Court will apply the rate of $225/hour for all three associates.  The hourly fee for paralegals Ryan and Fitti in Ryan,

6

suggested by defendant, is on the lower end of the decisions listed above; again, even though the Ryan case was issued by the district court located closest to Connecticut and is the most recent decision, the Court will instead apply the average of these eight cases, which is $106.25/hour, rounded down to $105/hour.  Lastly, this Court awards an hourly fee of $130 for legal intern Diehl, the higher of the two hourly fees in Cassagne and Conklin.

### B.  HOURS BILLED

Plaintiff has claimed 16.9 billable hours in this case, which defendant describes as "wholly unreasonable" in this "cookie-cutter, single plaintiff" FDCPA action, which settled for "nuisance value" of "one-fourth of the statutory amount."  (Dkt. #20, at 7)(footnote omitted).  Defendant objects to time entries that are "excessive, redundant or otherwise unnecessary[,]" including her Motion to Strike which was denied on the same day that it was filed, and administrative non-legal tasks (such as e-mail and reading notices on CM/ECF).  (Id. at 20-26 (footnote & citations omitted) & Exh. K).  In her reply brief, plaintiff argues that her Motion to Strike was denied without prejudice if defendant's amended answer was insufficient, but concedes that Ryan held that e-mail from CM/ECF ought to be billed by the individual with the lower hourly rate.  (Dkt. #22, at 8-10).

The Kimmel Law Firm has been reminded on numerous occasions that no reimbursement is appropriate for administrative tasks, performed by attorneys or support staff.  See Williams, 2011 WL 1791099, at *7; Alexander, 2011 WL 2415156, at *6-7;  Brass, 2011 WL 3862145, at *5-6 & n.8; Weed-Schertzer, 2011 WL 4436553, at *6-7; Levy, 2011 WL 5117855, at *6; Cassagne, 2011 WL 5878379, at *8-9; Freid, 2011 WL 6934845, at *8; Conklin, 2012 WL 569384, at *6-7; Zavodnick, 2012 WL 2036493, at *6-7; Ryan, 2012 WL

3217853, at *6-7.[7]

Attorney Kimmel expended only 1.6 hours on this file, all immediately prior to the action being filed. (Dkt. #19, Exh. A, Exh. C, ¶ 25). No reduction is required.

Attorney Troccoli spent six hours on this file. (Dkt. #19, Exh. A, Exh. B, ¶ 11). Attorneys are entitled to bill for the time spent reviewing the <u>actual</u> filing made on CM/ECF, but may not seek reimbursement in six-minute increments for merely noting, through e-mail, that a filing now appears on CM/ECF. For example, on March 29, 2012, Attorney Troccoli has seven separate time entries, each for six minutes, for reviewing the complaint, requests for issuance of summons, the addition of Judge Kravitz, the Order on Pretrial Deadlines, and the Electronic Filing Order, that were all automatically filed by the Clerk's Office. It clearly did not take her forty-two minutes to review these seven, remarkably brief, entries on CM/ECF. She has one six-minute entry on April 16, 2012, to see that the Waiver of Service was returned executed; she will not be allowed to recover for this item. Similarly, she has three six-minute entries on May 9, and again on June 1, 2012, reading the CM/ECF e-mails and then reviewing an appearance, defendant's disclosure statement and defendant's answer, respectively; she also has two six-minute entries on June 27 and July 3, 2012, reviewing short CM/ECF entries. She is only entitled to one entry each on May 9 and June 1 for actually reading defendant's filings, and one entry instead of four on June 27 and July 3. Similarly, she charges another six-minute entry on June 22, 2012 seeing that her Motion to Strike was filed, and three six-minute entries on June 26, 2012 regarding the Rule 26(f) Notice and

---

[7]Thankfully, in this case, the Kimmel Law Firm did not include time expended after accepting defendant's Offer of Judgment, for which they were criticized in numerous decisions. See <u>Williams</u>, 2011 WL 1791099, at *6; <u>Alexander</u>, 2011 WL 2415156, at *7; <u>Brass</u>, 2011 WL 3862145, at *5-6 &4 n.8; <u>Weed-Schertzer</u>, 2011 WL 4436553, at *5-6; <u>Levy</u>, 2011 WL 5117855, at *7; <u>Cassagne</u>, 2011 WL 5878379, at *10; <u>Zavodnick</u>, 2012 WL 2036493, at *7.

updated deadline. Only one of these entries will be reimbursed. Likewise, on July 2, 2012, she spent eighteen minutes regarding the Rule 26(f) report with defense counsel, and another six minutes to see that it was filed on CM/ECF; that last six minute entry is not recoverable. See Zavodnick, 2012 WL 2036493, at *7 ("[R]eviewing e[-]mails, communicating with other Kimmel & Silverman lawyers, reviewing docket notices, and the like . . . are not administrative[, but instead] . . . are an essential part of counsel's work for the client."). Therefore, 1.4 hours will be reduced from Attorney Troccoli's time sheets, for a total of 4.6 hours.

Attorney Bennecoff spent two hours on this file. (Dkt. #19, Exh. A, Exh. D, ¶ 31). No reductions will be made for Attorney Bennecoff, or other employees for the Motion to Strike. However, on June 1, 2012, Attorney Bennecoff logged in .8 hours for e-mail exchanges with Attorney Troccoli and legal intern Diehl, which is excessive; this figure will be reduced to .5 hours. See Overly, 2011 WL 2651807, at *6 (with four lawyers and four legal professionals constantly "updating one another regarding what they were doing in this case[,]" court agrees that "these intramural updates . . . should not be assessed against . . . defendants."); Weed-Schertzer, 2011 WL 4436553, at *7 (reduction for "interoffice e[-]mails of a generic nature"); Levy, 2011 WL 5117855, at *6 (of the more than one hundred entries, "the vast majority are for expenditure of .1 or .2 hour, and many of them concern receipt and review of inter-office correspondence[,]" so that the Kimmel Law Firm was forewarned that "enlisting more associates' work on a case in order to dribble the ball more efficaciously down the [basketball court] is acceptable only when the end goal the firm shoots for is the vindication of [p]laintiff's rights under the FDCPA–not the maximization of its own fee award."); Cassagne, 2011 WL 5878379, at *7-8, 9-10; Freid, 2011 WL 6934845, at *8; Conklin, 2012 WL 569384, at *5-6, 7-8; Ryan, 2012 WL 3217853, at *7 (reducing

9

hours "for excessive internal mails, especially those lacking detail[.]") . Therefore, Attorney Bennecoff's time is reduced to 1.7 hours.

Attorney Patterson spent 1.4 hours on this file, all prior to the filing of the lawsuit. (Dkt. #19, Exh. A, Exh. E, ¶ 14). No reduction is required.

Disturbingly, there is no breakdown in the file of the total time spent by the support staff. A manual review of Dkt. #19, Exh. A reveals that paralegal Jason Ryan spent .3 hours on January 19, 2012; paralegal Katelynn Fitti spent hours on 1.1 hours on March 23, March, 26, March 27, March 29, March 30, April 2, June 11, and June 18, 2012, with all but one (on April 2) being six-minute entries for sending e-mails; and law student intern Carolyn Diehl spent 4.3 hours on June 1, June 12, and June 13, 2012, largely all related to the Motion to Strike. The time for paralegal Ryan and law student intern Diehl will not be disturbed, but the time for paralegal Fitti will be reduced to .8 hours, as the time for what appear to be brief e-mails is excessive.

C.  COSTS

There is apparently no objection to $350, the filing fee, as the sole entry for costs.

D.  SUMMARY

Therefore, plaintiff will be awarded attorney's fees as follows:

| NAME OF EMPLOYEE | NUMBER OF HOURS APPROVED | HOURLY FEE | SUBTOTAL |
|---|---|---|---|
| Attorney Craig Thor Kimmel | 1.6 | $310 | $496.00 |
| Attorney Angela K. Troccoli | 4.6 | $225 | $1,035.00 |
| Attorney Amy L. Bennecoff | 1.7 | $225 | $382.50 |
| Attorney Tara Patterson | 1.4 | $225 | $315.00 |
| Paralegal Jason Ryan | 0.3 | $105 | $31.50 |
| Paralegal Katelynn Fitti | 0.8 | $105 | $84.00 |
| Legal Intern Carolyn Diehl | 4.3 | $130 | $559.00 |
| TOTALS | 14.7 | | $2,903.00 |

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion for Award of Attorney's Fees and Costs (Dkt. #19) is <u>granted in the amount of $2,903 in attorney's fees plus $350 in costs, for a total of $3,253.</u>[8]

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further**

---

[8]This protracted exercise, by counsel and more importantly by the Court, resulted in a mere reduction of $1,429, or approximately thirty percent. There is little doubt that the Court's valuable time could have been much better spent. <u>See also Weed-Schertzer</u>, 2011 WL 4436553, at *8 & n.13 (expressing concern over the "time consuming" nature of these claims, the sums of which "are often similar to numbers handled by small claims courts[,]" particularly when according to CM/ECF, the Kimmel Law Firm had filed more than 130 cases in that district in the last two years); <u>Zavodnick</u>, 2012 WL 2036493, at *8 ("[G]iven the uniform rejection of the questionable arguments and evidence [the Kimmel Law Firm] has offered in support of its Fee Petition, it is difficult to accept that the firm has advanced either in good faith[,]" so that "should [the law firm] continue this course of conduct, it may well be subject to sanctions." (citations omitted).

**appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 4th day of December, 2012.


 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge